**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:22-CR-69-HAB |
| | ) | |
| SAMUEL HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the Government's motion for hearing on the status of the Defendant's pretrial release. (ECF No. 49). The Government's motion was filed on the heels of the Defendant's plea of guilty to Count 1 of a seven-count indictment charging him with conspiracy to advertise child pornography, in violation of 18 U.S.C. §2251(d) and (e). On September 18, the Court held a hearing at which time the Defendant sought an opportunity to brief the legal issue of whether the mandatory detention provisions in 18 U.S.C. §3143(a) require the Defendant's detention or whether an exception in 18 U.S.C.§3145(c) would allow for his continued release if the requirements of the exception are met. The parties have fully briefed the issue, ECF Nos. 56, 62. After a review of the briefs and the applicable case law, the Court finds that 18 U.S.C. §3143(a) is not absolute; a defendant's mandatory detention under 18 U.S.C. §3143(a) may be reviewed under 18 U.S.C. §3145(c) to determine whether despite the presumption of mandatory detention, a defendant meets the requirements for release under 18 U.S.C. §3145(c).

**DISCUSSION**

Defendant was charged in a seven-count indictment with child pornography offenses in violation of 18 U.S.C. §§2251(d), (e) and §2252(a)(2). At his detention hearing, the Magistrate

Judge ordered the Defendant released on terms and conditions, which included electronic monitoring. Since his release on January 18, 2023, Defendant has followed all terms and conditions of his release, including location monitoring. He has maintained full time employment since March 2023 at Riverside MFG, LLC earning $18.00 per hour and has consistently provided employment verification to probation. (Probation Report, ECF No. 54 at 2). In January 2024, Defendant voluntarily began attending personal therapy at Phoenix Counseling in Fort Wayne, IN. In all aspects of his supervision, his probation officer informs the Court that he has made himself available, complied with all requirements and conditions and there are no documented instances of non-compliance. *Id.*

On July 31, 2024, Defendant pleaded guilty to count 1 of the indictment and the Magistrate Judge issued her report and recommendation. (ECF Nos. 44, 45). On August 15, 2024, this Court adopted the report and recommendation and adjudged Defendant guilty of the offense charged in Count 1. Once Defendant was adjudged guilty, the Government moved for review of pretrial release arguing that 18 U.S.C. §3143(a)(2) requires mandatory detention for Defendant while awaiting sentence.

Section 3143(a)(2) requires that

 [t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of a sentence be detained unless—
    (A)
        (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

        (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Accordingly, defendants who have been convicted of an offense under 18 U.S.C. 3142(f)(1)(A), (B), or (C) are generally subject to mandatory detention unless certain specific conditions are shown.

Defendant pled guilty to conspiracy to print or publish a notice or advertisement offering to distribute or receive child sexual abuse material, in violation of 18 U.S.C. § 2251(d) and (e), which constitutes a crime of violence. *See* 18 U.S.C. § 3156(a)(4)(C) (the term 'crime of violence' includes any felony under chapter 110 of title 18, which includes violations of 18 U.S.C. § 2251(d)). The parties agree that Defendant's offense qualifies as a case involving a crime of violence covered under (A) of §3142(f)(1). The parties further agree that neither of the exceptions in §3143(a)(2)(A)(i) or (ii) apply to Defendant. Accordingly, under §3143(a)(2) Hicks must be detained pending sentencing.

That said, 18 U.S.C. § 3145(c) permits a court to order a defendant released if there exists clear and convincing evidence that the Defendant is not a flight risk and an exceptional reason that makes a defendant's imprisonment inappropriate. Defendant asserts that although 18 U.S.C. § 3145(c) is titled "Appeal from a release or detention order," it is generally accepted that § 3145(c) was "included as an avenue of relief from the mandatory detention provisions," such as § 3143(a)(2). *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992) (citing *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991)); see also *United States v. Young*, No. 2:18-CR-21, 2020 WL 2092837, at *2 n.1 (N.D. Ind. Apr. 30, 2020) (citing *Herrera-Soto*, 961 F.2d at 647). Although there was initially some disagreement from the Government that Defendant's position was well-taken, *see United States v. Sosa*, 2023 WL 2139118, at *4 (N.D. Ill. Feb. 21, 2023) ("[a]lthough the issue is hardly free of doubt, the Court holds that Section 3145(c) is not an available remedy for a defendant who seeks release from a mandatory detention order while

awaiting sentencing."), the Government's brief now concedes that a defendant subject to detention under § 3143(a)(2), like Hicks, may be released if he meets the requirements of § 3145(c).

Under 18 U.S.C. § 3145(c), [a] person subject to detention pursuant to § 3143(a)(2) or (b)(2), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate 18 U.S.C. § 3145(c). Thus, when read in conjunction with § 3143(a)(1), the language of § 3145(c) permits a judicial officer to release a defendant upon a showing by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community, and that there are exceptional reasons why detention pending sentencing is inappropriate.

But section 3145(c) is a very limited exception to the requirement of mandatory detention offenses postconviction. There is no dispute or argument, at least in the briefing, that Defendant is a flight risk. That leaves the Court with the question of whether Defendant can point to exceptional circumstances by clear and convincing evidence to support his continued release pending sentencing. On this point, the exceptional circumstances that would support release are rare, *see United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991 (explaining that "exceptional reasons" are "a unique combination of circumstances giving rise to situations that are out of the ordinary," which must be assessed under § 3145(c) on a case-by-case basis); *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (explaining that, in the context of mandatory detention, "exceptional" means "clearly out of the ordinary, uncommon, or rare."). "The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as exceptional. *United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004) (internal citations omitted).

A smattering of case law from various jurisdictions clarifies the type of circumstances that courts find exceptional. For example, "[t]here is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination." *Id.* Nor does a Defendant's desire to "get his affairs in order" pending sentencing qualify as an exceptional reason, *United States v. Holland*, 2024 WL 4202734, at *9 (D.N.J. Sept. 16, 2024); neither does the defendant's role as caregiver to daughter with epilepsy, *United States v. Wise*, 2023 WL 4554091, at *4 (E.D. Tenn. July 14, 2023); or the fact that defendant will be separated from his children and has financial problems, *United States v. Walden*, 2011 WL 4476641, at *1 (E.D. Tenn. Sept. 26, 2011).

What these cases, and dozens of others, hold is that purely personal circumstances typical of any criminal defendant facing imprisonment simply don't qualify as exceptional reasons. *United States v. Swanson*, 2024 WL 843895, at *5 (M.D. Ga. Feb. 28, 2024) ("'Exceptional reasons' are not the day-to-day problems experienced by a defendant or his family where a defendant is found guilty of (or has pled guilty to) committing a serious crime of violence and is subject to having a lengthy prison sentence imposed."); *But see*, *United States v. Johnson*, 2018 WL 4922724, at *2 (M.D. Ala. Oct. 10, 2018) (defendant's father's death and defendant's need to resolve his father's financial matters an "exceptional reason"); *United States v. Davila*, 2024 WL 1337869, at *3 (N.D. Tex. Mar. 28, 2024) (defendant's extraordinary efforts to regain custody of her son as well as the exceptional risk to her son's well-being found to be extraordinary); *United States v. Williams,* 903 F. Supp. 2d 292, 302 (M.D. Pa. 2012) (exceptional circumstances existed where the defendant's wife was in immediate need of surgery and without the defendant's income, the family would become homeless).

Having outlined the above parameters, Defendant argues that his compliance with pretrial release conditions, his voluntary efforts to obtain counseling, and his employment, that has enabled him to become and remain current on child support obligations, are extraordinary reasons for the Court to consider. However, as the case law above recognizes, none of these reasons, alone or in combination, are out of the ordinary circumstances or unique to Defendant. Defendants released on pretrial conditions are required and expected to follow the rules of release, including maintaining employment. Doing so is not unique and does not support a finding of exceptional circumstances. However, the Court is mindful that it must engage in a "case by case" evaluation, *United States v. Mutte,* 383 F. App'x 716, 718 (10th Cir. 2010) to determine whether there exists "a unique combination of circumstances giving rise to situations that are out of the ordinary." *DiSomma,* 951 F.2d at 497. The Court will consider any other factors or evidence Defendant has to present on the issue of "exceptional circumstances" at the currently scheduled hearing on October 30, 2024. Absent a showing that meets the exceptional circumstances requirement, the Defendant will be ordered detained and remanded to the United States Marshal at the hearing. In the meantime, the Court holds the Government's motion to review Defendant's release UNDER ADVISEMENT.

SO ORDERED on October 17, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT